(84 Misc. Rep. 437)

### A. H. IVINS CO. v. MARTIN HOLDING CO.

(Supreme Court, Appellate Term, First Department.   March 5, 1914.)

BROKERS (§ 64*)—RIGHT TO COMMISSIONS—CONTRACT.

    Purchase of land being incomplete because the purchaser's assignee 'of" his contract was unwilling and unable to complete it, the broker, whose contract with the seller made closing a condition precedent to right to a, commission, unless the seller defaulted, cannot recover a commission.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 67, 97; Dec. Dig.. § 64.*]

Appeal from City Court of New York, Trial Term.

Action by the A. H. Ivins Company against the Martin Holding Company. From a judgment on a verdict for plaintiff, and from an order denying a motion to vacate the judgment, defendant appeals. Reversed: and dismissed.

Argued February term, 1914, before SEABURY, GUY, and DE-LANY, JJ.

Sproull, Harmer & Sproull, of New York City (Gormly J. Sproull; and Hugh M. Harmer, both of New York City, of counsel), for appellant.

Black, Varian, Bigelow & Somers, of New York City (Warren Bigelow, of New York City, of counsel), for respondent.

GUY, J.   This action was brought to recover broker's commissions. for the sale of real property.   After the recovery of the verdict, plaintiff obtained an order of the Supreme Court transferring the cause to that court.   He then entered judgment in the Supreme Court upon the verdict for $2,756.14, which judgment was vacated on the defendant's. motion.   Plaintiff then moved to vacate the order of removal and remand the action to the City Court, which motion was granted.   Plaintiff thereafter entered judgment upon the verdict in the City Court for $2,000 damages, besides costs.   So long as the order of the Supreme Court vacating the order of removal and remanding the cause to the City Court stands, the City Court had jurisdiction to entertain the cause and enter judgment for whoever was entitled thereto within the pecuniary jurisdiction of the City Court.

In January, 1912, a contract of sale to one Scelsa was signed by defendant, whereby part of the purchase price was the taking of the premises subject to a first mortgage of $190,000, which became due July 1, 1912, and to a second mortgage for $25,000, which the contract. stipulated became due on October 27, 1913.   The contract provided. that the seller agreed that plaintiff brought about the sale, and plaintiff signed the contract as evidence of its agreement that the 1 per cent. commission was to be paid when the title closed and not otherwise, unless the title failed to close through the default of the seller.   On January 25, 1912, Scelsa signed the contract to a dummy.   The second mortgage would have become due upon the calling of the prior mort-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gage, if that mortgage had been called between July 11 and October 27, 1912; but this was cured by the tender of an extension of the prior mortgage to October 27, 1912. To avoid litigation with an irresponsible dummy assignee of the contract, the deposit was returned by the seller to the assignee of the contract, who acknowledged that his objections were all frivolous and that he refused to close because he concluded he did not have an advantageous bargain. Thus the sale was lost.

The plaintiff has failed to make out a cause of action based on the provisions of the contract of sale signed by him. The contract made closing a condition precedent unless the seller defaulted. There is no evidence of default on the part of the seller; but it is shown that the assignee of the contract was both unable and unwilling to complete his purchase.

The judgment is reversed, with costs, and the complaint dismissed, with costs. Appeal from order dismissed, without costs. All concur.